UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| VS. | § CRIMINAL ACTION NO. H-04-512 |
| | § |
| JAMES PATRICK PHILLIPS, *et al*, | § |
| | § |
| Defendants. | § |

## MEMORANDUM

Defendants James Brooks ("Brooks"), Wesley C. Walton ("Walton"), and James Patrick Phillips ("Phillips") were tried and convicted for conspiracy, false reporting, and wire fraud, and sentenced on December 17, 2008. (Doc. 416.) Defendants thereafter filed motions (Docs. 426, 432, 454, 480, 483, and 500) to remain on bond pending appeal, which were denied (Doc. 511). Defendants appealed, and the Fifth Circuit remanded the case for the limited purpose of allowing the district court to enter its reasons for denying Appellants' request. (Doc. 531.) Subsequently, the Court vacated the preexisting surrender date. (Doc. 532.)

Under 18 U.S.C. § 3143(b), a defendant may be entitled to release pending appeal. The defendant must show that (1) he is not likely to flee or pose a danger to the community; (2) the appeal is not for purposes of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined in favor of the defendant, the decision is likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed. *U.S. v. Clark*, 917 F.2d 177, 179–80 (5th Cir. 1990); *U.S. v. Valera-Elizondo*, 761 F.2d 1020, 1025 (5th Cir. 1985).

Under controlling Fifth Circuit precedent, to meet the burden of showing a "substantial question," a defendant must show that his appeal raises a "'close' question or one that very well

could be decided either way," or that it "raises a substantial doubt (not merely a fair doubt) as to the outcome of its resolution." *Valera-Elizondo*, 761 F.2d at 1024. If the defendant establishes that the appeal raises a "substantial question," he must further show that the issue is "likely" to result in a reversal of the conviction or sentence or a reduction in the sentence "to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." *Id.*; 18 U.S.C. § 3143(b)(1)(B). The Fifth Circuit has defined "likely" as meaning that, if an error is found, it is "more probable than not" that the appellate court will reverse the conviction or sentence. *Valera-Elizondo*, 761 F.2d at 1024.

The Defendants here do not pose a flight risk or a danger to the community, and their appeals do not appear to be taken for purposes of delay. Thus, the remaining question is whether their appeals raise a substantial question and, if so, whether that question, were it decided in favor of the defendants, would be likely to result in reversal or an order for a new trial on all counts on which imprisonment has been imposed.

Defendant Walton contends that admission of the expert testimony of Matthew O'Loughlin ("O'Loughlin") was improper. (Doc. 480 at 3.) O'Loughlin testified, *inter alia*, that the trades El Paso reported to trade magazines had a measurable effect on natural gas prices. The argument regarding O'Loughlin's expert testimony on this subject has already been considered and rejected by the Fifth Circuit. *See U.S. v. Valencia et al.*, No. 08-20546, --- F.3d ----, 2010 WL 809813 (March 10, 2010), pp. 38–54.

Next, Walton argues that the Court improperly excluded evidence of industry practice, which prevented him from presenting a defense. (Doc. 480 at 7.) At trial, Walton urged the Court to permit the introduction of evidence showing that employees of other energy marketing companies had also submitted false information to the trade press on certain occasions. Citing

Federal Rule of Evidence 403, the Court excluded the proffered evidence because it was irrelevant to the conduct at issue in this case. Nevertheless, at trial, the Court did permit the Defendants to present evidence of what they believed to be the industry practice. For example, Defendant Brooks testified that he believed he was following industry practice and that his intention was only to offset false reports filed by other companies. Recordings of several telephone conversations were introduced into evidence by the defense that included statements by traders at other companies indicating that they believed the practice of reporting inaccurate information was widespread.

Walton also objects to the Court's jury instruction that they "may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his eyes to what would otherwise have been obvious to him. . . . knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact." This type of deliberate ignorance instruction "is designed 'to inform the jury that it may consider evidence of a defendant's charade of ignorance as circumstantial proof of guilty knowledge.'" *U.S. v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007) (quoting *U.S. v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir.1990)). The instruction is given only "when a defendant claims a lack of guilty knowledge and the proof at trial supports an inference of deliberate indifference." *Id.* (quoting *U.S. v. Threadgill*, 172 F.3d 357, 368 (5th Cir. 1999) (citing *U.S. v. Wisenbaker*, 14 F.3d 1022, 1027 (5th Cir. 1994))). The evidence at trial supported the inferences that all three Defendants knew it was highly probably certain conduct was taking place and made conscious efforts to avoid learning about it.

Defendant Philips contends that the false reports he submitted in response to requests by an industry publication for information about natural gas trades "were ambiguous and subject to a wide variety of interpretations." (Doc. 500 at 3.) Based on the evidence, however, the jury

was entitled to conclude that the terminology used by *Inside FERC*, the industry publication, was not ambiguous and that Philips intentionally deceived it.

Regarding Defendant Brooks, the evidence established that he instructed subordinates to report fictitious trades in order to influence the index price published by *Inside FERC* in a manner beneficial to El Paso.

After careful review of Defendants' motions, the Court found that none raised a "substantial question" and, accordingly, their motions to remain on bail pending appeal were denied. (Doc. 511.)

SIGNED at Houston, Texas, this 19th day of April, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE